garrett v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-356-CR

BRUCE SCOTT GARRETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) ON APPELLANT’S PETITION

FOR DISCRETIONARY REVIEW

------------

Pursuant to rule of appellate procedure 50, we have reconsidered our opinion upon Appellant’s petition for discretionary review.  
See 
Tex. R. App. P.
 50.  We withdraw our March 18, 2004 opinion and judgment and substitute the following.

Appellant Bruce Scott Garrett was convicted of aggravated sexual assault with a deadly weapon in 1993 and sentenced to seventy-five years’ confinement.  This conviction was affirmed on appeal.
(footnote: 2)  Appellant filed a motion for post-conviction forensic DNA testing in November 2002,
(footnote: 3)  which the

trial court denied on August 14, 2003.  
The trial court entered findings of fact and conclusions of law, which stated in pertinent part:

Identity was not or is not an issue in this case because the defendant was found hiding above the location of this sexual assault right after it occurred.

Since the defendant’s identity was not or is not at issue in this case, he does not meet the requirements of Chapter 64 of the Texas Code of Criminal Procedure for forensic DNA testing of evidence.  

See
 
Tex. Code Crim. Proc. Ann
. art. 64.03(a)(1)(B).  In two issues, Appellant appeals the trial court’s denial of his motion.  

In reviewing a trial court’s decision on a DNA request, we employ a bifurcated standard of review.  We afford almost total deference to a trial court’s determination of issues of historical fact and application of law to fact issues that turn on credibility and demeanor, while reviewing de novo other application of law to fact issues.  
See Whitaker v. State
, No. 74612, 2004 WL 63981, at *2-3 (Tex. Crim. App. Jan. 14, 2004); 
Rivera v. State
, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), 
cert. denied
, 124 S. Ct. 27 (2003).  

In Appellant’s first issue, he argues that the trial court erred in finding identity was not or is not an issue in this case.  A defendant has the burden to show that identity was or is an issue without regard to the possible results of any future forensic DNA tests.  
Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002).  Appellant contends that there was conflicting testimony at trial from various witnesses regarding the description of the assailant and that identity was or is an issue.  In its reply to the motion for forensic DNA testing, the State responded that identity was not or is not an issue because Appellant was “essentially caught in the act of the offense” of aggravated sexual assualt.  After the sexual assault, Appellant forced the partially nude victim into a closet and told her not to make any noise.  When the police arrived to investigate a disturbance call, Appellant climbed into the attic through a trap door in the closet, where the police found him hiding under a pile of insulation.  
Applying the appropriate standard of almost total deference to the trial court’s findings of fact, we conclude the trial court did not err in denying Appellant’s motion for DNA testing because identity was not or is not an issue in the case.  We overrule Appellant’s first issue.

In Appellant’s second issue, he contends that the trial court erroneously failed to enter a finding regarding chain of custody.  The trial court was not required to find that the biological evidence in this case was subject to a sufficient chain of custody because it found that Appellant was not entitled to DNA testing.  
See 
Tex. Code Crim. Proc. Ann. 
art. 64.03(a).  We overrule Appellant’s second issue.   

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment.    

PER CURIAM

PANEL F: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Garrett v. State
, No. 02-93-00432-CR (Tex. App.—Fort Worth Mar. 23, 1995, no pet.) (not designated for publication).  

3:
See
 Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann
. art. 64.03 (Vernon Supp. 2004-05)).
 
 Although article 64 was amended in 2003, this appeal is governed by the 2001 law.  
See
 Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, §§ 8-9, 2003 Tex. Gen. Laws 16, 17 (providing that former law governs motions for DNA testing filed before September 1, 2003).